■ In the Matter of the Arbitration between CITY OF BUFFALO et al., Respondents, and BUFFALO PROFESSIONAL FIREFIGHTERS ASSOCIATION, LOCAL 282, IAFF, AFL-CIO-CLC, as Representative of Members of BUFFALO FIRE DEPARTMENT, et al., Appellants. [813 NYS2d 586]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered November 17, 2004. The order, among other things, granted the petition seeking a stay of arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent union filed a demand for arbitration on the grievance of respondent Larry Dahn with respect to the denial of benefits pursuant to General Municipal Law § 207-a (2) after he was granted an accidental disability retirement. Supreme Court erred in granting the petition seeking a stay of arbitration. In determining whether a grievance is subject to arbitration, it must first be determined "whether arbitration claims with respect to the particular subject matter are authorized by the terms of the Taylor Law" (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 137-138 [1999]). Here, there is no dispute that the arbitration claim with respect to the subject matter at issue is so authorized. It thus must next be determined whether "such

authority was in fact exercised and whether the parties did agree by the terms of their particular arbitration clause to refer their differences in this specific area to arbitration" (*Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 513 [1977]). Petitioners contend that, although the collective bargaining agreement (CBA) and the 1993 memorandum of agreement (MOA) refer to section 207-a benefits, it is apparent from the context of those provisions that only issues regarding section 207-a (1) benefits, and not section 207-a (2) benefits, were negotiated. It is for the court in the first instance to decide "whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA [and the MOA]" (*Board of Educ. of Watertown City School Dist.*, 93 NY2d at 143). Here, there is the requisite reasonable relationship, and thus "the arbitrator [must] then make a more exacting interpretation of the precise scope of the substantive provisions of the CBA [and MOA], and whether the subject matter of the dispute fits within them" (*id.*). Present—Pigott, Jr., P.J., Gorski, Smith, Green and Hayes, JJ.